**Edward L. ROBINSON, Plaintiff,**

v.

**FIRESTONE TIRE AND RUBBER COMPANY, d/b/a Dayton Tire and Rubber Co., Defendant.**

**No. CIV–77–0350–E.**

United States District Court, W. D. Oklahoma.

March 14, 1978.

James A. Mitchell, Oklahoma City, Okl., for plaintiff.

Edward E. Soule and Peter T. Van Dyke of Lytle, Soule & Emery, Oklahoma City, Okl., and Thorley C. Mills, Jr., Akron, Ohio, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

EUBANKS, District Judge.

This action was tried before the Court on March 9, 1978. The parties were represented by their respective counsel of record. Plaintiff contends that defendant refused to hire him because he had been unemployed nine months and since percentagewise more blacks are always unemployed than whites such reason for refusing to hire operates to discriminate against him because of his race. After considering the pleadings and exhibits, and hearing the testimony, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The plaintiff, a black, became unemployed in December 1974, when he was laid off by reason of a reduction in force by Unit Parts. Thereafter, he immediately applied for and started receiving unemployment benefits.

2. He remained unemployed until September 1975, during all of which time he received unemployment benefits.

3. The Court finds that plaintiff was offered other employment, but he declined to accept same during the first nine months of 1975 because he preferred to receive unemployment benefits. He was eligible to draw unemployment benefits for only nine months, or until the last of September 1975.

4. On September 29, 1975, the plaintiff applied to the defendant for employment having been referred to the defendant by Oklahoma State Employment Service of Oklahoma Employment Security Commis-

sion. On that date, he was interviewed for employment by a panel of three management officials of the defendant. During that interview the plaintiff stated that he had been unemployed for nine months, that he had not sought to obtain employment during that period, and that he had sustained himself by unemployment benefits, odd jobs at his home, and his wife's employment.

5. The three members of the defendant's interviewing panel each testified that they rejected the plaintiff for employment because they believed that the plaintiff, having elected to subsist on unemployment benefits instead of seeking employment, thereby indicated himself to be lacking in ambition, industry and aggressiveness, and was unlikely to be a dependable employee.

6. The reason the defendant rejected the plaintiff for employment was that he had not sought employment for nine months; not because he had been unemployed for such period.

7. The plaintiff was not rejected by the defendant for employment because of his race or color.

8. The defendant has developed and employs an equal employment affirmative action program. In November 1975, 15.9% of the employees at the defendant's Oklahoma City plant were minorities. According to figures of Oklahoma Employment Security Commission, 10.6% of the Oklahoma City area work force are minorities. By November 1977, the employment of minorities at the defendant's Oklahoma City plant had increased by an additional 3.5%, to 19.4%.

9. The panel of three management representatives of the defendant who interviewed the plaintiff, during the 12-month period in which the plaintiff was interviewed (August 1975 through July 1976), interviewed 21 minority applicants and employed 14 of them, 66.7%. During the same period said panel interviewed 69 non-minority applicants and employed 44 of them, 63.8%. During the following year, August 1976 through July 1977, said panel interviewed 24 minority applicants and employed 21 of them, 87.5%, and interviewed 70 non-minority applicants and employed 62 of them, 88.6%.

## CONCLUSIONS OF LAW

1. This action was brought under 42 U.S.C. § 1981. The Court has jurisdiction of the parties and the subject matter.

2. The defendant refused to employ the plaintiff for a legitimate business reason, which was that the plaintiff had not sought work for nine months and chose instead to subsist on unemployment benefits, and such refusal by the defendant was not a violation of law.

3. The plaintiff's race or color was not in any manner the defendant's reason for refusing to employ the plaintiff. The employment practices of defendant are completely colorblind.

4. When a person refuses to accept available employment because he prefers to remain unemployed and subsist on unemployment benefits instead of working, that circumstance is sufficient reason for a prospective employer to deny employment to that individual, regardless of his race or color.

5. The plaintiff has failed to sustain his burden of proving a violation of law by the defendant. Judgment shall be entered for the defendant.

The Clerk of the Court is directed to mail a copy hereof to counsel of record.

DATED this 14th day of March, 1978.